## GEORGE W. ALBIN *et al.*

*v.*

## EDWARD TALBOTT, for use of, etc.

1. SERVICE OF PROCESS—*and herein of change of venue.* In a suit against several defendants, a part of whom, being served with process, obtained a change of venue of the cause, a subsequent service of process on the other defendants, the writ having issued in the county where the suit originated, but prior to such change of venue, will not avail to give the court of the county to which the venue was changed, jurisdiction over those so subsequently served with process.

2. PLEADING—*of declaration upon official bond.* In an action of debt, the first count was upon an obligation, alleged to have been made payable to the plaintiff, "late Sheriff of Cumberland county, &c.," but set out no condition ; the second count was upon a forthcoming bond, executed to the plaintiff as Sheriff of Cumberland county, and set out the condition. The declaration was held bad on demurrer. If the first count was to be regarded a ; being upon the forthcoming bond, it was bad for not setting out the condition ; if it was upon an obligation taken by him in his individual capacity only, then it was improperly joined with a count on an obligation given to him in an official capacity.

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. CHARLES H. CONSTABLE, Judge, presiding.

This was an action of debt, brought in the name of Edward Talbott, late sheriff of Cumberland county, for the use of Foreman Brothers, against Geo. W. Albin *et al.*

The action was commenced in the Circuit Conrt of Cumberland county, and, was removed, on change of venue, to the Circuit Court of Effingham county, and afterward to the Circuit Court of Douglas county. The declaration contained two counts, as follows :

The first count states that Edward Talbott, late Sheriff of Cumberland county, who sues for the use of Foreman Brothers, complains of William F. Richstein, Thomas A. Apperson, George W. Albin, George Henig, Edward Brown

and James Balch, who have been summoned, &c., in a plea of debt, that they render unto the plaintiff the sum of seventeen hundred dollars, &c. For that, whereas the defendants, on the 29th day of July, 1859, made their certain writing obligatory, which is now here to the court shown, and acknowledged themselves to be held and firmly bound unto the plaintiff, late Sheriff, as aforesaid, in the sum of seventeen hundred dollars above demanded to be paid by the said defendants to the said Edward Talbott, late Sheriff of Cumberland county, Illinois, and for the payment of which sum the defendants bound themselves jointly and severally by said writing obligatory. Yet the said defendants, nor either of them, have not yet paid the said sum of seventeen hundred dollars above demanded, nor any part thereof, (although often requested so to do,) to the said Edward Talbott, late Sheriff, as aforesaid, for the use of Foreman Brothers, as aforesaid, but have hitherto wholly neglected, and still neglect so to do, wherefore the said Edward Talbott, late Sheriff, as aforesaid, for the use of Foreman Brothers, as aforesaid, says that he is injured and has sustained damage to the amount of one thousand dollars, and therefore he brings this suit, &c.

The second count, after setting out the bond as in the first count, recites that said bond "was and is subject to a certain condition, thereunder written, to the effect following, that is to say that whereas the said Edward Talbott, late Sheriff, by virtue of an execution issued on the 15th day of June, A. D. 1859, at the suit of one Samuel D. Parks against John T. Trego, James Trego and John Q. Sloan, by the Circuit Court of the county aforesaid, for the sum of seven hundred and seventy-five dollars ($775.00) damages, and sixty-two dollars ($62.00) and seventy-five (75) cents costs, and increased costs thereon, had seized and levied upon certain goods and chattels, to-wit: The entire stock in trade of the said John Q. Sloan, a part of which goods and chattels remained then and there in the custody of and upon the hands of the said sheriff, for reasonable

54—46TH ILL.

cause, and the said Sheriff had, at the request of the said obligors, delivered the said goods and chattels to the above bounden William F. Richstein. Then if the said goods and chattels should be delivered afterward by the said William F. Richstein, to the said Edward Talbott, late Sheriff as aforesaid, or any other officer holding an execution for the sale of the same, in the said suit, upon the final disposition of a suit then pending for the trial of the rights of the property in which the said William F. Richstein is claimant and the said Samuel D. Parks plaintiff in execution, should the said suit be decided against the said claimant, at the time and place appointed by the said Edward Talbott, late Sheriff, or said other officer, according to law, then the said writing obligatory was to be void, otherwise to remain in full force."

The declaration proceeded to assign breaches of the condition contained in the bond. A demurrer was interposed to the declaration, which was overruled, and such proceedings were had, that final judgment was entered against the defendants in the court below, and thereupon the plaintiffs sued out this writ of error.

The question is presented as to the sufficiency of this declaration; and a further question is presented as to the jurisdiction of the Court of Douglas county over the persons of a part of these defendants. The circumstances upon which the question arises are set forth in the opinion of the court.

Messrs. HENRY & READ, for the plaintiffs in error.

Mr. O. B. FICKLIN, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This suit was originally brought in the Circuit Court of Cumberland county, at the October term, 1862, against five defendants, Apperson, Albin, Brown, Balch and Richstein.

There was service upon the first three, but not upon the others. On the 3d of October an *alias* writ was issued by the clerk of the Cumberland Circuit Court against Balch and Richstein, summoning them to appear at the next April term of the Circuit Court of Cumberland county. But before this writ was issued the venue of the cause had been changed to Effingham county. The venue was subsequently changed from Effingham to Douglas county, and there a judgment was rendered by default against Balch, and on demurrer to the declaration, against Apperson, Albin and Brown.

It is clear that the Circuit Court of Douglas county had acquired no jurisdiction over Balch. The only summons ever served upon him issued from the Circuit Court of Cumberland county, and was returnable to that county. By that summons he was brought into that court at the April term, 1863. The order for a change of venue previously made had no force or effect as against him. As to him it was an utter nullity, because the court had acquired no jurisdiction over him when it was made. Even if informed of its existence, when brought into court at the April term, he was under no obligation to regard it, as the Circuit Court of Cumberland county could not give the Circuit Court of Effingham county a jurisdiction which it had not itself acquired. It could make no valid order transferring him to another county for adjudication upon his rights, until he had been in some way brought under its control. Since, then, the order changing the venue was inoperative as to him, and as he never entered his appearance nor was again served, the judgment against him was improperly rendered.

There was also error in the judgment overruling the demurrer. The first count of the declaration sets forth a bond payable to the plaintiff without condition. The other counts set out the condition. It was decided in *Patrick* v. *Rucker*, 19 Ills., 439, that such a declaration was demurrable.

Before proceeding to another trial the Sheriff should amend his return, so as to show whether the defendant Richstein was or was not served. The judgment is reversed and the cause remanded.

*Judgment reversed.,*